**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**KEITH LAMONT MONTGOMERY,**

     **Movant,**

**v.**                       **Case No. 2:14-cv-16267
Criminal Case No. 2:07-cr-00058-1**

**UNITED STATES OF AMERICA,**

     **Respondent.**


**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Movant Keith Lamont Montgomery's ("Montgomery") *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 59), Motion for Evidentiary Hearing, (ECF No. 61), and Motion for Appointment of Counsel, (ECF No. 62).[1] This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned determines that Montgomery clearly is not entitled to relief under 28 U.S.C. § 2255; therefore, the undersigned **FINDS** that Montgomery is not entitled to an evidentiary hearing and respectfully **RECOMMENDS** that his § 2255 Motion be **DENIED**, and this matter be **DISMISSED** from the docket of the Court.

---

[1] The docket entries referenced throughout this PF & R are taken from proceedings of record in Montgomery's criminal case and cite to Case No. 2:07-cr-00058-1.

1

## I.   **Factual and Procedural Background**

On March 27, 2007, a federal grand jury sitting in Charleston, West Virginia returned an indictment charging Montgomery with one count of possession with intent to distribute a quantity of cocaine base and one count of carrying a firearm during and in relation to a drug trafficking crime. (ECF No. 10 at 1-2). CJA Attorney Tim C. Carrico was appointed to represent Montgomery on the charges contained in the indictment. (ECF No. 9). On May 11, 2007, Montgomery and his counsel signed an agreement with the Government whereby Montgomery agreed to plead guilty to possession with intent to distribute a controlled substance in exchange for dismissal of the firearm charge. (ECF No. 28 at 1-2). The written plea agreement contained an appeal waiver provision that prohibited both parties from challenging the reasonableness of a sentence within the United States Sentencing Guidelines (hereinafter, "Guidelines" or "USSG"), but permitted either party to appeal the Court's calculation of the Guidelines range. (*Id.* at 4).

On May 29, 2007, the presiding District Judge conducted a plea hearing and conditionally accepted Montgomery's guilty plea as outlined in the written agreement. (ECF No. 40 at 22-23). At Montgomery's sentencing hearing on August 27, 2007, the Court found that Montgomery qualified as a career offender under USSG § 4B1.1(a), in light of his two prior felony controlled substance offense convictions, which occurred in Michigan and Virginia. [2]  (ECF No. 41 at 3-4). The career offender designation resulted in

---

[2] In July 1999, Montgomery was found guilty of felony delivery or manufacture of cocaine less than fifty grams in the Third Circuit Court of Michigan, in violation of Mich. Comp. Laws § 333.7401(1) (1999). (ECF No. 34 at 8). He was sentenced to lifetime probation pursuant to Mich. Comp. Laws § 333.7401(2)(a)(iv) (1999). (ECF No. 34 at 8). Michigan subsequently eliminated lifetime probation as a punishment for that offense, *see* Mich. Comp. Laws § 333.7401(4) (2015), and Montgomery was discharged from probation in January 2005. (ECF No. 34 at 8). In March 2005, Montgomery pled guilty to felony possession of a schedule II controlled substance with intent to distribute as an accommodation in Virginia state court, in violation of Va. Code Ann. § 18.2-248(D) (2005). (ECF No. 34 at 8). Montgomery was sentenced to seven years' imprisonment with all but eight months of that sentence suspended, and he was placed on probation. (*Id.*)

a Guidelines sentence range of 151 to 188 months' imprisonment. (ECF No. 34 at 8; ECF No. 41 at 5). Mr. Carrico did not object to the Court's Guidelines calculation, but argued that a within-Guidelines sentence would be unreasonable since "treating Mr. Montgomery as a career offender [would] grossly overstate[] his true criminal history." (ECF No. 41 at 5). The Court ultimately sentenced Montgomery to 168 months' imprisonment and three years of supervised release, which was reflected in the Court's August 29, 2007 judgment. (ECF No. 31 at 2-3; ECF No. 41 at 10).

Montgomery, through counsel, appealed his sentence to the United States Court of Appeals for the Fourth Circuit. *United States v. Montgomery*, 280 F. App'x 291 (4th Cir. 2008). On appeal, Montgomery averred that "the district court erred by failing to consider a downward departure from his criminal history category." *Id.* at 291. However, the Fourth Circuit pointed out in its June 3, 2008 decision that Montgomery "never asked the court to consider a downward departure from his criminal history category" and that "Montgomery conceded the calculation of his Guidelines range was correct" at sentencing. *Id.* Consequently, the Fourth Circuit affirmed Montgomery's sentence. *Id.* at 292. Montgomery did not seek a writ of certiorari from the United States Supreme Court.[3]

On May 12, 2014, Montgomery filed the instant motion pursuant to 28 U.S.C. § 2255. (ECF No. 59). With respect to the timeliness of his motion, Montgomery contends that he is actually innocent of "the career offender enhancement," which he believes permits a court to hear an untimely § 2255 motion under the Supreme Court's holding in *McQuiggin v. Perkins*, ____ U.S. ____, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), and that he is entitled to equitable tolling of the statute of limitations for his claims under the

---

[3] On October 23, 2008, the Court issued an opinion and order finding that Montgomery was not entitled to a reduced sentence under the amended Guidelines for cocaine base given his status as a career offender. (ECF No. 49 at 1-2).

Fourth Circuit's decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), *rev'd en banc*, 775 F.3d 180 (4th Cir. 2014), *cert. denied*, 135 S.Ct. 2890 (2015).[4] (ECF No. 59 at 12). As for the substance of the motion, Montgomery alleges three grounds for relief. (*Id.* at 4-7). First, Montgomery asserts that the Court incorrectly found that he was a career offender, which he believes violated his Sixth Amendment rights. (*Id.* at 4). In the memorandum accompanying his motion, Montgomery insists that he is "actually innocent of being a career offender" because "any element that was used to enhance [his] sentence with a mandatory minimum should have been submitted to a jury" and the Court erroneously allowed "a petty offense to be categorized as an aggravated felony." (ECF No. 60 at 4). In support of his first ground, Montgomery primarily relies on *Alleyne v. United States*, ____ U.S. ____, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and *Moncrieffe v. Holder*, ____ U.S. ____, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013). (ECF No. 60 at 1-2). Second, Montgomery contends that his sentence violates the Eight Amendment's bar on cruel and unusual punishment because his sentence "is longer than needed to deter [him] from committing another offense." (ECF No. 59 at 5). In support of his Eighth Amendment claim, Montgomery claims that he has been a "model prisoner" during his seven years of incarceration and he is ready "to be a productive member of this society." (ECF No. 60 at 6-7). Finally, Montgomery argues that he received ineffective assistance of counsel at sentencing when his counsel allegedly failed to investigate his prior offenses. (ECF No. 59 at 7). Montgomery asserts that an investigation would have demonstrated that his prior offenses could not be used "to enhance [his] sentence" for the reasons supplied in Montgomery's first ground for relief. (ECF No. 60 at 7). With respect to relief,

---

[4] The undersigned will refer to the initial decision in *Whiteside* as "*Whiteside I*" and the *en banc* opinion in *Whiteside* as "*Whiteside II*."

Montgomery requests that the Court grant him an evidentiary hearing, or vacate his sentence, recalculate it without the career offender enhancement, and resentence him. (ECF No. 59 at 13). In addition to his § 2255 motion, Montgomery has also filed a Motion for Evidentiary Hearing and a Motion for Appointment of Counsel.

On June 2, 2014, the undersigned ordered the United States to answer Montgomery's § 2255 motion. (ECF No. 66). On July 15, 2014, the United States filed its response, wherein the United States requested that the motion be dismissed as untimely. (ECF No. 67 at 3). The United States argues that *McQuiggin* is inapplicable here because the Supreme Court's holding in that case applies only to a defendant who demonstrates that he is actually innocent of the charge of his conviction (as opposed to his sentence). (*Id.* at 6 n.2). With respect to Montgomery's tolling argument under *Whiteside I*, the United States responds that *Whiteside I* is inapposite since its reasoning applies only to career offenders who received their predicate felony convictions under North Carolina law,[5] while Montgomery's predicate felony offenses occurred in Michigan and Virginia. (*Id.* at 6). As such, the United States contends that the career offender enhancement was properly applied in Montgomery's case. (*Id.*)

On August 18, 2014, Montgomery filed a reply to the United States' response. (ECF No. 68). Montgomery reiterates his career offender actual innocence claim and his argument that he is entitled to equitable tolling of the statute of limitations in this case under the Fourth Circuit's decision in *Whiteside I*. (*Id.* at 3, 6). He also contends that the Court erred in finding that he was a career offender under the Guidelines because the offenses underlying that finding were not "aggravated" and he was only incarcerated for

---

[5] The United States filed its response brief prior to the Fourth Circuit's *en banc* decision in *Whiteside II*.

a total of eight months for both offenses. (*Id.* at 5).

## II.   <u>Standard of Review</u>

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "A motion collaterally attacking a prisoner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." *Sutton v. United States of America,* No. CRIM.A. 2:02CR65, Civ.A. 2:05CV91, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006). Pursuant to the Rules Governing Section 2255 Proceedings for the United States District Courts (hereinafter, "Rules"), the court should conduct a preliminary review of the motion. *See* Rule 4. The court may then order the respondent to answer the motion and may authorize the parties to conduct discovery; the court may also direct the parties to expand the record as necessary to properly assess the validity of the motion. *See* Rules 5, 6, & 7. Once these steps are completed, the court must review the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing on the motion is warranted. *See* Rule 8(a). If the movant is clearly unable to state a claim that entitles him to relief, the court may deny the motion without an evidentiary hearing. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

## III.   <u>Analysis</u>

### A. Montgomery's § 2255 motion

Beginning with the timeliness of Montgomery's motion, under the Anti–Terrorism

and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Montgomery does not appear to dispute the United States' assertion that § 2255(f)(1) applies to his claims.[6] Under that subsection, the one-year limitation period for challenging the underlying conviction in this case began to run on September 2, 2008, one day after the ninety-day period for seeking a writ of certiorari

---

[6] To the extent Montgomery suggests that the cases cited by him constitute new "facts" supporting his claims, the Fourth Circuit rejected an identical argument in *Whiteside II*, 775 F.3d at 183-84; accordingly, § 2255(f)(4) is inapplicable in this case. As for § 2255(f)(3), Montgomery may argue that the Supreme Court's holding in *Alleyne*, 133 S.Ct. 2151, recognized a right applicable to his career offender claim, and therefore, his motion is timely with respect to that claim. However, the Court's holding in *Alleyne* does not apply to a career offender finding under the Guidelines. *See United States v. Allen*, 567 F. App'x 175, 177 n.2 (4th Cir. 2014); *Terry v. United States*, No. 2:12-cv-01576, 2015 WL 5786804, at *8 (S.D.W.Va. Sept. 30, 2015). Moreover, courts in the Fourth Circuit have concluded that *Alleyne* does not apply retroactively on collateral review. *See, e.g.*, *United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review."); *Gibson v. United States*, Case No. 1:11–cv-0024, 2014 WL 204198 (S.D.W.Va. Jan 17, 2014) (noting the Fourth Circuit's decision in *Stewart* barred court from applying *Alleyne* retroactively on collateral review). The other more recent Supreme Court decision repeatedly cited by Montgomery is *Moncrieffe*, 133 S.Ct. 1678. In that case, the Supreme Court considered whether a state court conviction for possession with intent to distribute marijuana constituted an "aggravated felony" under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq. Moncrieffe*, 133 S.Ct. at 1682. The Court held that it does not. *Id.* at 1693. A number of federal courts have recognized that the Court's holding in *Moncrieffe* is unhelpful to criminal defendants who wish to challenge their career offender designations under the Guidelines. *See, e.g.*, *Washington v. United States*, No. RWT-13-1893, 2015 WL 4069489, at *4 (D. Md. July 2, 2015); *Tesseneer v. United States*, No. 1:14-cv-00078, 2015 WL 3767579, at *2 (W.D.N.C. June 17, 2015). Accordingly, § 2255(f)(3) does not apply to any of Montgomery's claims.

from the Supreme Court expired.[7] *See Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); Sup. Ct. R. 13(1). Consequently, the last date on which Montgomery could have filed a timely motion under § 2255(f) was September 2, 2009; he filed in the instant motion on May 12, 2014. Consequently, Montgomery's motion is untimely unless he can establish that the statute of limitations for his claims should be tolled.

First, Montgomery claims that the statute of limitations should be tolled under *McQuiggin* because he is actually innocent of the career offender finding. In *McQuiggin*, the Supreme Court held that 28 U.S.C. § 2244(d)(1)(D), a provision of the statute of limitations for federal habeas petitions by state prisoners, did not preclude a federal court from "entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." 133 S.Ct. at 1933-35. In other words, a claim of actual innocence may excuse the statute of limitations for first 28 U.S.C. § 2254 petitions. Assuming *arguendo* that *McQuiggin*'s holding applies equally to § 2255 motions, the Fourth Circuit has held that "*McQuiggin* does not extend to cases in which a movant asserts actual innocence of his sentence, rather than of his crime of conviction." *United States v. Jones*, 758 F.3d 579, 586 (4th Cir. 2014). In so holding, the Court noted that three of its prior cases had recognized "an actual innocence of sentence exception" to a "judge-made procedural default rule," but that none of those cases supported the proposition that the "equitable power of the court" could be used to avoid the one-year limitation period contained in § 2255(f). *Jones*, 758 F.3d at 586. In this case, Montgomery insists that he is actually innocent of his sentence, not his underlying offense. Accordingly, Montgomery's

---

[7] Under Federal Rule of Civil Procedure 6(a), the one-year limitation period commences the day after the event triggering the period. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

argument that the statute of limitations for his claims should be tolled under *McQuiggin* must be rejected.

Next, Montgomery contends that he is entitled to equitable tolling of the limitation period for his claims under the Fourth Circuit's decision in *Whiteside I*. The Fourth Circuit has recognized that "[e]quitable tolling of petitions for collateral review is available only when a defendant demonstrates '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Whiteside II*, 775 F.3d at 184 (quoting *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)). In *Whiteside I*, the Fourth Circuit found that an intervening change in the law as to the applicability of the career offender Guidelines enhancement to certain convictions constituted an "extraordinary circumstance" under the equitable tolling analysis. 748 F.3d at 546. The defendant in the *Whiteside* cases was convicted in federal court of possession with intent to distribute at least fifty grams of crack-cocaine and had incurred two previous state courts convictions in North Carolina for drug-related offenses. *Id.* at 543-44. At the time of Whiteside's sentencing, the Fourth Circuit instructed district courts to determine whether a prior offense met the definition of "controlled substance offense" contained in the Guidelines by "consider[ing] the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history."[8] *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005). In accord with this precedent, the district court found that Whiteside was a career offender under the Guidelines. *Whiteside I*, 748 F.3d at 544. However, after

---

[8] The Guidelines define a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b).

Whiteside's sentencing, the Fourth Circuit reversed course in *United States v. Simmons*, 649 F.3d 237, 243-45, 250 (4th Cir. 2011) (*en banc*), and held that a prior conviction qualified as a "controlled substance offense" under the Guidelines only if the *particular defendant* could have been sentenced to more than one year imprisonment for the crime, without considering hypothetical enhancements or aggravating factors. *See United States v. Kerr*, 737 F.3d 33, 35 (4th Cir. 2013) ("Our *en banc* opinion in *Simmons* overruled *Harp* and held that a North Carolina conviction is a crime punishable by a term of imprisonment exceeding one year only if the particular defendant is eligible for such a sentence, taking into account his criminal history and the nature of his offense."). After *Simmons*, Whiteside's two North Carolina convictions no longer qualified as "controlled substance offense[s]" under the Guidelines, and therefore, Whiteside argued that he had been erroneously designated a career offender. *Whiteside I*, 748 F.3d at 544. The *Whiteside I* panel agreed and found that equitable tolling was warranted based on *Simmons*. *Id.* at 546. After agreeing to review Whiteside's case *en banc*, the Fourth Circuit concluded that equitable tolling was *not* available to Whiteside. *Whiteside II*, 775 F.3d at 186. The Court refused Whiteside's position that "he was prevented from timely filing by the unfavorable precedent that would have governed his claim had he sued prior to *Simmons*," remarking that the perceived "futility" of a legal argument is insufficient to establish an impediment to the timely filing of a § 2255 motion. *Whiteside II*, 775 F.3d at 185. In other words, "[e]quitable tolling thus may not be applied where ... the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success." *Id.* at 186.

Montgomery's equitable tolling argument was squarely rebuffed by the Fourth Circuit in *Whiteside II*. The change in the analysis of prior convictions brought about by

the Fourth Circuit's *en banc Simmons* decision is inadequate to establish the "extraordinary circumstance" prerequisite to equitable tolling.[9] *Whiteside II*, 775 F.3d at 184. Moreover, wading some into the merits of Montgomery's motion, the Fourth Circuit's reasoning in *Simmons* in inapplicable in this case. The sentencing scheme at issue in *Simmons* was unique in that certain offenses under North Carolina law were punishable by a term of imprisonment exceeding one year *only if* the offender had a particular criminal history or certain aggravating factors were found to exist prior to sentencing. 649 F.3d at 240. In *Simmons*, the defendant (Simmons) did not possess the requisite criminal history to be sentenced for his offense to a term of imprisonment exceeding one year and the state had not proven any aggravating factors prior to Simmons' sentencing. *Id.* at 241. Accordingly, Simmons' state court conviction could never have resulted in a sentence that met the definition for a "controlled substance offense" under the Guidelines; rather, only a hypothetical defendant with a sufficient criminal history category or the necessary aggravating factors could have been sentenced to a term of imprisonment exceeding one year for the offense that Simmons committed.

In contrast, both state statutes that Montgomery was sentenced under did not require a certain criminal history category or aggravating factor finding in order to be sentenced to a term of imprisonment exceeding one year. Beginning with Montgomery's July 1999 conviction in Michigan for felony delivery or manufacture of cocaine less than fifty grams, at the time of Montgomery's sentencing in that case, the offense was punishable by imprisonment for "not less than 1 year nor more than 20 years" or lifetime probation, notwithstanding the offender's criminal history or any aggravating factors.

---

[9] The Fourth Circuit decided *Simmons* in August 2011. Montgomery did not file the instant motion until May 2014, and he has not explained why he failed to raise his *Simmons* claim earlier.

Mich. Comp. Laws § 333.7401(2)(a)(iv) (1999).[10] Although Montgomery was sentenced to lifetime probation for his Michigan offense, the *actual sentence* that a defendant receives for a prior conviction is irrelevant to the career offender analysis under the Guidelines. *See United States v. Allen*, 567 F. App'x 175, 177 (4th Cir. 2014); *Thomas v. United States*, No. 2:11-cv-00931, 2:11-cv-00992, 2012 WL 5935714, at *4 (S.D.W.Va. Nov. 27, 2012); *Spencer v. United States*, 894 F. Supp. 2d 721, 726 (E.D. Va. 2012); USSG § 4B1.2 cmt. n.1. Instead, *Simmons* teaches that the relevant inquiry is the potential sentence that the particular offender could have received. *See Bercian-Flores*, 786 F.3d 309, 313 (4th Cir. 2015). Montgomery could have been punished for his Michigan offense by a term of imprisonment exceeding one year, and the offense concerned the manufacture or distribution of a controlled substance; thus, Montgomery's Michigan conviction qualifies as a "controlled substance offense" for career offender purposes under the Guidelines. *See Thomas*, 2012 WL 5935714, at *4. With respect to Montgomery's Virginia conviction, felony possession of a schedule II controlled substance with intent to distribute as an accommodation constituted a class five felony under Virginia law at the time of Montgomery's sentence. Va. Code Ann. § 18.2-248(D) (2005). A class five felony is punishable by "a term of imprisonment of not less than one year nor more than 10 years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than 12 months." Va. Code Ann. § 18.2-10(e) (2005). Accordingly, Montgomery could have been sentenced to a term of imprisonment exceeding one year for his Virginia conviction, and therefore, it meets the definition of a "controlled

---

[10] The sentence above applies to schedule I and II controlled substances as defined under Michigan law. Michigan classifies cocaine as a schedule II controlled substance. Mich. Comp. Laws § 333.7214(a)(iii) (1999).

substance offense" under the Guidelines' career offender provision. *See Guthrie v. United States*, No. 7:11-cr-00060, 2012 WL 3868015, at *2 (W.D. Va. Sept. 5, 2012) (finding that class five felony conviction under Virginia law satisfied definition of "controlled substance offense" for career offender purposes).

In summary, the undersigned **FINDS** that Montgomery's motion is untimely under § 2255(f)(1),[11] and he has not demonstrated that tolling of the limitation period is warranted in this case. Both of his arguments for tolling (under *McQuiggin* and *Whiteside I*) have been rejected by the Fourth Circuit. In addition, the *Simmons* rationale does not apply to Montgomery's case. Furthermore, even assuming that Montgomery was entitled to equitable tolling for his career offender claim, which he is not, the Fourth Circuit has held that "a mistaken career offender designation [under the Guidelines] is not cognizable on collateral review," unless a conviction underlying the career offender designation is subsequently vacated, altering the defendant's Guidelines range. *See United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015) (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)); *United States v. Dorsey*, 611 F. App'x 767, 770 (4th Cir. 2015). Montgomery has not shown that either of his "controlled substance offense" convictions in state court have been vacated; thus, his claim with respect to the career offender finding is not cognizable in this proceeding.[12]

Setting aside the procedural problems with Montgomery's § 2255 motion, his

---

[11] Although much of the discussion above focuses on grounds one and three of Montgomery's motion, which relate to his career offender status, Montgomery's Eighth Amendment claim contained in ground two is clearly untimely. That claim does not meet any of the limitation period triggers under § 2255(f)(2)-(4), and Montgomery has not shown that he is entitled to tolling for that claim.

[12] The undersigned also notes that Montgomery procedurally defaulted his first and second grounds for relief by failing to raise those arguments on appeal to the Fourth Circuit. *See, e.g.*, *Bousley v. United States*, 523 U.S. 614, 621-22, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

claims still fail on the merits. In his first ground for relief, Montgomery contends that the Court incorrectly found that he was a career offender, which he believes violated his Sixth Amendment rights. As explicated above, Montgomery's challenge to his career offender designation is without merit given that his two prior convictions met the definition for "controlled substance offense[s]" under the Guidelines, and the offense underlying the instant motion was a "controlled substance offense." USSG §§ 4B1.1(a), 4B1.2(b). To the extent that Montgomery relies on *Alleyne* and *Moncrieffe*, for the reasons discussed in the footnote above, both of those cases are inapposite. To briefly recapitulate, the Supreme Court's holding in *Alleyne*, 133 S.Ct. at 2155, that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt," does not apply to a career offender finding under the Guidelines. *See Alleyne*, 133 S.Ct. at 2160 n.1 (recognizing exception to rule described in *Alleyne* for "the fact of a prior conviction); *see also Allen*, 567 F. App'x at 177 n.2; *United States v. Mason*, 547 F. App'x 235, 236 (4th Cir. 2013); *United States v. Anderson*, 532 F. App'x 373, 379 n.1 (4th Cir. 2013). As for *Moncrieffe*, that case concerned the definition of "aggravated felony" under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, and not the career offender provision contained in the Guidelines. 133 S.Ct. at 1682. Nothing in *Moncrieffe* affects the validity of the Court's career offender finding. *See, e.g.*, *Beard v. Wilson*, No. 13-CV-3613, 2015 WL 627880, at *2 (D. Minn. Feb. 10, 2015) (recognizing holding in *Moncrieffe* does not apply to definition of "controlled substance offense" under Guidelines); *United States v. Colon*, No. 09-0155, 2015 WL 127726, at *5-*6 (E.D. Pa. Jan. 6, 2015) (same); *Pittman v. United States*, No. 3:14-cv-01064, 2014 WL 3735918, at *4 (M.D. Tenn. July 29, 2014) (same); *Thomas v. United States*, No. 8:13-cv-215-T-15MAP, 2013 WL 4855067, at *8 (M.D. Fla. Sept. 11, 2013) (same). Therefore,

Montgomery's first ground for relief is baseless.

Next, the undersigned address Montgomery's third ground for relief; that being, that his counsel was ineffective by failing to raise the aforementioned arguments at sentencing. Clearly, this ground for relief must fail for two reasons. First, Montgomery cannot maintain an ineffective assistance of counsel at sentencing claim based on decisions from the Fourth Circuit or Supreme Court that altered settled law *after* Montgomery was sentenced. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995) ("[A]n attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law."); *Cooks v. United States*, 461 F.2d 530, 532 (5th Cir. 1972) ("Clairvoyance is not a required attribute of effective representation."); *United States v. Engle*, No. 3:04-924, 2007 WL 951762, at *2 (S.D.W.Va. Mar. 29, 2007); *United States v. Tayman*, 885 F. Supp. 832, 846 n.51 (E.D. Va. 1995). Second, even if Montgomery's counsel would have raised the career offender issue that Montgomery argues in the instant motion, counsel would have undoubtedly been unsuccessful under existing precedent. It is well established that counsel is not ineffective for failing to raise a frivolous claim. *See Green v. Ballard*, No. 3:02-1348, 2015 WL 1612198, at *30 (S.D.W.Va. Apr. 10, 2015) ("An attorney is not ineffective for abstaining from impractical objections.") (citing *Oken v. Corcoran*, 220 F.3d 259, 269–70 (4th Cir. 2000)); *Christian v. Ballard*, No. 3:05-cv-00879, 2013 WL 4068214, at *15 (S.D.W.Va. June 6, 2013) ("Counsel's failure to make a futile motion cannot be the basis of an ineffective assistance claim."). For these reasons, Montgomery's ineffective assistance of counsel claim is meritless.

That leaves Montgomery's second ground for relief, a claim that his sentence is longer than necessary and disproportionate under the Eighth Amendment. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines

imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII.
"Punishment is deemed cruel and unusual not only when it is 'inherently barbaric,' but
also when it is disproportionate to the crime for which it is imposed." *United States v.*
*Cobler*, 748 F.3d 570, 575 (4th Cir. 2014) (quoting *Graham v. Florida*, 560 U.S. 48, 59,
130 S.Ct. 2011, 176 L.Ed.2d 825 (2010)). Two types of Eighth Amendment proportionality
challenges exist: an "as-applied" challenge and a "categorical" challenge. *Id.* "Under an
'as-applied' challenge, a defendant contests the length of a certain term-of-years sentence
as being disproportionate 'given all the circumstances in a particular case.' In a
'categorical' challenge, a defendant asserts that an entire class of sentences is
disproportionate based on 'the nature of the offense' or 'the characteristics of the
offender.'" *Id.* (quoting *Graham*, 560 U.S. at 59-60). Here, it appears that Montgomery is
raising an "as-applied" proportionality argument, given that his position relies on facts
specific to his circumstance.[13] (ECF No. 60 at 6-7). In *Cobler*, the Fourth Circuit
summarized the proper analysis of an "as-applied" proportionality challenge:

> In the context of an as-applied challenge, the [Supreme] Court has
> explained that the narrow proportionality principle of the Eighth
> Amendment does not require strict proportionality between crime and
> sentence, but forbids only extreme sentences that are grossly
> disproportionate to the crime. Before an appellate court concludes that a
> sentence is grossly disproportionate based on an as-applied challenge, the
> court first must determine that a threshold comparison of the gravity of the
> offense and the severity of the sentence leads to an inference of gross
> disproportionality. In the rare case that a reviewing court concludes that
> such an inference may be drawn, the court is required to compare the
> defendant's sentence: (1) to sentences for other offenses in the same
> jurisdiction; and (2) to sentences for similar offenses in other jurisdictions.
> If this extended analysis validates the threshold determination that the
> sentence is grossly disproportionate, the sentence is deemed cruel and
> unusual punishment under the Eighth Amendment.

---

[13] In support of his Eighth Amendment position, Montgomery specifically cites *Gall v. United States*, 552
U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). However, that case concerned the appropriate standard for
reviewing below Guidelines sentences, and not an Eighth Amendment claim. *Id.* at 40-41.

748 F.3d at 575 (citations and markings omitted). "This **extensive** proportionality analysis is required only in those cases involving life sentences without parole, or, alternatively, in cases involving terms of years without parole that are functionally equivalent to life sentences because of [the defendants'] ages." *United States v. Dowell*, 771 F.3d 162, 168 (4th Cir. 2014) (markings omitted) (emphasis and bracketed material in original); *see also Cobler*, 748 F.3d at 578-79; *United States v. Rhodes*, 779 F.2d 1019, 1028 (4th Cir. 1985). In other cases, "'as applied' proportionality review of a term-of-years sentence is not automatically foreclosed ... but such term-of-years sentences 'that are clearly within the prerogative of Congress and subject to imposition by a district court may be disposed of swiftly.'" *United States v. Freeman*, No. 1:14-CR-322, 2015 WL 1565102, at *2 (E.D. Va. Apr. 7, 2015) (quoting *Cobler*, 748 F.3d at 579).

The Fourth Circuit noted in *Cobler* that "[t]he Supreme Court has identified a term-of-years sentence as being grossly disproportionate on only one occasion," in *Solem v. Helm*, 436 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). 748 F.3d at 575. In *Solem*, the defendant was sentenced to life without parole for "uttering a 'no account' check for $100," because he had amassed six previous nonviolent, "relatively minor" felony convictions. 463 U.S. at 279-81, 296-97. The Supreme Court held that the life without parole sentence was "significantly disproportionate" to the crime, and therefore violated the Eighth Amendment. *Id.* at 303. In arriving at this conclusion, the Court considered "the gravity of the offense and the harshness of the penalty," "the sentences imposed on other criminals in the same jurisdiction," and "the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 290-92. In contrast to *Solem*, "the Court upheld a life sentence without parole for a first-time felon convicted of possession of 672 grams of cocaine" when faced with a proportionality challenge in *Harmelin v. Michigan*,

501 U.S. 957, 961, 996, 111 S.Ct. 2680, 115 L.Ed.2d. 836 (1991). *Cobler*, 748 F.3d at 576.

Although Montgomery's term-of-years sentence does not require the undersigned to engage in an "extensive" proportionality analysis, some degree of proportionality review is available to Montgomery nonetheless.[14] *United States v. Rodriguez*, 589 F. App'x 148 (4th Cir. 2015); *United States v. Taylor*, 594 F. App'x 784, 790 (4th Cir. 2014); *Freeman*, 2015 WL 1565102, at *2. However, Montgomery's proportionality challenge to his sentence of 168 months' imprisonment for his drug offense is one that can be "disposed of swiftly." *Cobler*, 748 F.3d at 579. Indeed, in *Taylor*, 594 F. App'x at 789-90, the Fourth Circuit rejected a proportionality challenge to a ninety-six-month sentence for possession with intent to distribute 1.18 grams of marijuana, and in *United States v. Luviano-Villanueva*, 556 F. App'x 254, 256 (4th Cir. 2014), the Fourth Circuit denied a first-time offender's proportionality challenge to a 168-month sentence for possession with intent to distribute over five kilograms of cocaine.[15] Likewise, in *Hutto v. Davis*, 454 U.S. 370, 370-71, 375, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982), the Supreme Court rejected a proportionality challenge to a forty-year sentence for possession with intent to distribute nine ounces of marijuana. These cases cut against any finding of unconstitutional disproportionality here. Moreover, Montgomery's prior felony convictions for similar drug-related activity "undermine[] [his] claim that [his] sentence is disproportionate." *Taylor*, 594 F. App'x at 790; *cf. United States v. Kratsas*, 45 F.3d 63, 68-69 (4th Cir. 1995) (rejecting proportionality argument where repeat drug offender was

---

[14] Montgomery was thirty-three years old at the time of sentencing, and thus, his sentence was not functionally equivalent to a life sentence. (ECF No. 34 at 2).

[15] In this case, the Presentence Investigation Report indicates that 16.96 grams of cocaine base were attributable to Montgomery. (ECF No. 34 at 6).

sentenced to life imprisonment for conspiracy to distribute cocaine). In fact, the presiding District Judge noted at sentencing that Montgomery possessed "a long history of involvement with the law dating back to the time [when Montgomery was] a teenager," and found that "a lengthy sentence" was necessary to incapacitate Montgomery from committing further crimes and "to promote respect for the law."[16] (ECF No. 41 at 11).

Even considering whether Montgomery meets the threshold inquiry of "extensive" proportionality review, the undersigned concludes that he does not. "[C]omparison of the gravity of [Montgomery's] offense and the severity of [his] sentence" does not lead "to an inference of gross disproportionality." *Cobler*, 748 F.3d at 575. To the contrary, as Justice Kennedy's controlling opinion in *Harmelin* observed, drug offenses "threaten[ ] to cause grave harm to society." 501 U.S. at 1002 (Kennedy, J., concurring).[17] While the amount of drugs involved in *Harmelin* is significantly different from Montgomery's case, Justice Kennedy's proportionality reasoning is nevertheless applicable here. Moreover, the life without parole sentence upheld in *Harmelin* is far more severe than the 168-month sentence that Montgomery received in this case. 501 U.S. at 961.

Additionally, it is worth noting that the only purported facts Montgomery cites in support of his Eighth Amendment claim are his assertions that he is a "model prisoner" and that continued incarceration is unnecessary to "deter him from future crimes." (ECF No. 60 at 6). However, Montgomery has failed to cite any authority for the proposition that a defendant's conduct *after* receiving his sentence can somehow render the sentence

---

[16] Notwithstanding, Montgomery's sentence still fell within "the middle of the Guidelines" and was far short of the statutory maximum twenty-year sentence that he could have received for his conviction. (ECF No. 40 at 9; ECF No. 41 at 11).

[17] The Court described Justice Kennedy's *Harmelin* opinion as "the controlling opinion" in *Graham*, 560 U.S. at 59.

constitutionally disproportionate or unnecessary. Such an argument is better addressed to the executive branch in a request for clemency, although the undersigned observes that Montgomery's past brushes with the criminal justice system (including a period of incarceration) did not deter his conduct in this case, and thus, it is questionable that Montgomery is the changed man that he claims to be as a result of his confinement. For these reasons, Montgomery's second ground for relief is without merit.

Ultimately, Montgomery's § 2255 motion is untimely, among its other procedural defects. Notwithstanding, even if the Court were to reach the merits of the motion, Montgomery is not entitled to relief. Therefore, the undersigned **RECOMMENDS** that Montgomery's § 2255 motion, (ECF No. 59), be **DENIED**.

### B. Montgomery's Motion for an Evidentiary Hearing and Motion for Appointment of Counsel

In addition to his § 2255 motion, Montgomery has also filed a Motion for an Evidentiary Hearing and a Motion for Appointment of Counsel. (ECF Nos. 61 & 62). With respect to the former, Montgomery asserts that an evidentiary hearing is necessary on his career offender claim. (ECF No. 61 at 1). He also generally insists that the record is not sufficiently developed to decide his § 2255 motion without an evidentiary hearing. (*Id.*) As to his request for counsel, Montgomery argues that he cannot afford to hire counsel and that "his claims presents issues that contain substantial questions of both law and fact for review." (ECF No. 62 at 1).

Beginning with Montgomery's request for an evidentiary hearing, a § 2255 motion may be resolved without an evidentiary hearing where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see, e.g.*, *United States v. Mitchell*, 484 F. App'x 744, 745 (4th Cir. 2012). In

this case, the undersigned **FINDS** that an evidentiary hearing is unnecessary because the submissions of the parties and the record clearly demonstrate that Montgomery is not entitled to relief on any of his claims. Accordingly, the undersigned **DENIES** Montgomery's request for an evidentiary hearing, (ECF No. 61).

Turning to Montgomery's request for appointment of counsel, the law is well-settled that a habeas petitioner has no constitutional right to counsel. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1990). The Criminal Justice Act, 18 U.S.C. § 3006A, authorizes the United States District Court to appoint counsel to represent financially eligible individuals in actions brought pursuant to § 2255, "whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). An analogous standard is set forth in 28 U.S.C. § 1915(e)(1), which governs the appointment of counsel for indigent litigants in civil actions. In both circumstances, the matter is left to the sound discretion of the court. As a general rule, habeas petitioners and indigent civil litigants are only provided counsel in "exceptional circumstances." *See, e.g., Rice v. Riley,* No. 4:13–3049–TMC, 2014 WL 5524461, at *1 (D.S.C. Oct. 31, 2014). When determining whether to appoint counsel, the court should consider several factors, including (1) the type and complexity of the case; (2) the ability of the petitioner to adequately investigate and present his claim; (3) the likelihood of success on the merits of the application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g., Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. United States Dist. Court*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994). Here, the case is not complex, Montgomery has adequately presented his claims, there is no likelihood that Montgomery will succeed on the merits

21

of his motion, and there is no need for an evidentiary hearing. Because Montgomery fails to demonstrate exceptional circumstances that justify the appointment of counsel, his motion, (ECF No. 62), is **DENIED**.

## IV.   **Proposal and Recommendations**

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Montgomery's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 59), be **DENIED,** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant, Respondent, and counsel of record.

**FILED:**  October 20, 2015

Cheryl A. Eifert
United States Magistrate Judge